UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL CHEVRES-MOTTA, | |
| Petitioner, | Civil No. 10-1845 (JAF) |
| v. | (Crim. No. 07-395) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**OPINION AND ORDER**

Petitioner, Manuel A. Chevres-Motta, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1.) The Government opposes, (Docket No. 3), and Petitioner replies (Docket No. 4).

I.

**Factual and Procedural Summary**

A comprehensive and detailed factual background of this case appears in the docket of Petitioner's criminal case. (Cr. No. 07-395.) On September 26, 2007, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute narcotics. (Cr. No. 07-395, Docket No. 585.) Specifically, Petitioner pled guilty to possession of five kilograms ("kg") or more of a mixture or substance containing a detectable amount of cocaine; fifty grams ("g") or more of a mixture or substance containing a detectable amount of cocaine base; a mixture or substance containing a detectable amount of heroin; and a mixture or substance containing a detectable

Civil No. 10-1845 (JAF) -2-

amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Cr. No. 07-395, Docket Nos. 3; 585.) On July 2, 2008, this court sentenced Petitioner to a prison term of 360 months, a five-year supervised release term, and a $25,000 fine. (Cr. No. 07-395, Docket No. 736.) Petitioner then appealed the sentence and conviction, raising a variety of challenges. (Cr. No. 07-395, Docket No. 738.) On June 1, 2009, the First Circuit Court of Appeals summarily affirmed the sentence and conviction in an unpublished disposition. United States v. Chevres-Motta, Appeal No. 08-2010 (1st Cir. 2009). (Cr. No. 07-395, Docket No. 928.)

In this collateral challenge, Petitioner alleges ineffective assistance of counsel. (Docket No. 1.) Petitioner argues that his counsel never advised him of his right to have a jury determine the drug quantities and characteristics beyond a reasonable doubt, and that the court failed to make an individual assessment of drug quantity that could reasonably be attributed to him. (Docket No. 1 at 4.) The government responds, arguing that Petitioner's motion is untimely and that his claims lack merit. (Docket No. 3.) For the reasons explained below, we dismiss Petitioner's claim.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

Civil No. 10-1845 (JAF)                                                                                       -3-

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The government argues that Petitioner's claim here is time-barred. (Docket No. 3.) The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 ("AEDPA") has a one-year limitations period, see § 2255(f). The limitations period begins to run when the conviction becomes "final." Id. In this case, the First Circuit Court of Appeals issued its judgment affirming Petitioner's conviction on June 1, 2009. (Cr. 07-395, Docket No. 928.) Petitioner's conviction then became "final" when the 90-day period for filing certiorari expired. Clay v. United States, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the [90 day time period] for seeking such review expires."); see also Supreme Court Rule 13 (2010) (providing for 90-day filing period). Because the last day of the 90-day

Civil No. 10-1845 (JAF) -4-

time period fell on a Sunday, Petitioner had until Monday, August 31, 2009, to file his writ of certiorari. Supreme Court Rule 30.1.

When his conviction became final on August 31, 2009, the one-year statute of limitations period under § 2255(f) began to run. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002) ("When a limitations period is measured in years, the last day for instituting the action is traditionally the anniversary date of the start of the limitations period.") (citing Rogers v. United States, 180 F.3d 349, 354 (1999)). Petitioner then filed his petition on September 1, 2010.[1] (Docket No. 1 at 14.) This was one day after § 2255(f)'s one-year limitations period expired. See id. Thus, the government appears to be correct that Petitioner's claim is time-barred. Id. (holding that a petition filed one day late was time-barred under § 2255(f)).

Even if it were timely, however, Petitioner's claim would still be without merit. None of Petitioner's claims succeed as an argument for ineffective assistance of counsel.

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Petitioner must show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 687).

---

[1] Petitioner's pro-se status means that his motion was deemed "filed" when it was delivered to the prison mail system. Houston v. Lack, 487 U.S. 266 (1978). The signature on his initial filing has a date of September 1, 2010. (Docket No. 1 at 14.)

Civil No. 10-1845 (JAF)                                                                                           -5-

A Petitioner may satisfy the deficient performance prong by showing that the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). Furthermore, Petitioner faces the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. Id. at 690. A decision by counsel not to pursue "futile tactics" cannot be characterized as deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

Petitioner argues that counsel failed to advise him of his right to have a jury determine the types and quantities of drugs attributable to him, and that the court failed to make an individual assessment of drug quantity attributed to him. (Docket Nos. 1 at 4; 4 at 3-4.) Both arguments fail.

The First Circuit has repeatedly affirmed that "the drug quantity determinations that drive the sentencing restrictions under § 841 may be made by a judge, rather than a jury." United States v. Aitoro, 446 F.3d 246, 258 (1st Cir. 2006) (citing United States v. Goodine, 326 F.3d 26, 30 (1st Cir. 2003)). Thus, Petitioner's first claim is clearly lacking; even if he had gone to trial, rather than plead guilty, he would have had no right to a jury determination of drug quantity. See id.

Petitioner's second argument is also wrong on the law and the facts. The minute entry of Petitioner's sentencing hearing reflects that this court did make findings regarding drug quantities, leadership role, and firearms used in the offense. (Cr. 07-395, Docket No. 736.) The

Civil No. 10-1845 (JAF)                                                                                        -6-

Court of Appeals also acknowledged this; in affirming Petitioner's sentence, the Court of Appeals noted that this court "heard evidence on the amount of drugs and imposed upward adjustments to the base offense level due to appellant's leadership role and his possession of a firearm." United States v. Chevres-Motta, Appeal No. 08-2010 (1st Cir. 2009). The resulting sentence, the Court of Appeals noted, was "in the middle of the advisory guideline range, determined in large part by appellant's criminal history category of III." Id. After trying and failing to overturn his sentence on direct appeal, Petitioner cannot now use this collateral review as a second challenge. Berthoff v. United States, 308 F.3d 124, 127-128 (1st Cir. 2002).

Finally, we dispense with Petitioner's one remaining argument. In his first filing in this proceeding, Petitioner claims that counsel's failure to conduct an "adequate pretrial investigation" was ineffective assistance of counsel. (Docket No. 1 at 5.) Petitioner argues that such an investigation would have revealed that he was distributing lesser drug quantities than the charges reflected. (Id.) Later in his reply brief, Petitioner appears to abandon this argument, making no mention of it. (Docket No. 4.) As the government notes, (Docket No. 3 at 9), Petitioner provides absolutely no additional details about what such an investigation would have shown. We, therefore, reject the claim as undeveloped. Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2006) (ineffective assistance claim raised in a perfunctory manner in a 2255 proceeding is deemed waived).

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a

Civil No. 10-1845 (JAF) -7-

constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of November, 2012.

              s/José Antonio Fusté
              JOSE ANTONIO FUSTE
              United States District Judge